IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:08-CR-329-FL-3

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| RONNIE DONTE RAND | ) | |

This matter is before the court on defendant's motion to vacate judgment pursuant to Federal Rules of Civil Procedure 52 and 60(b), wherein defendant asserts that the court imposed an incorrect sentence, in light of the Supreme Court's decision in Alleyne v. United States, 133 S. Ct. 2151 (2013). Within the motion, defendant also seeks appointment of counsel.

Pursuant to Castro v. United States, 540 U.S. 375 (2003), the court hereby provides the movant with notice that the court intends to recharacterize this document as an attempt to file a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. See United States v. O'Keefe, 169 F.3d 281, 289 (5th Cir. 1999) ("Federal Rule of Civil Procedure 60(b) . . . simply does not provide for relief from a judgment in a criminal case."); see also Fed. R. Civ. P. 52 (providing for amendment of judgment in a civil case only within 28 days of entry of judgment). The court also notifies the movant of the § 2255 restrictions on second or successive motions, the one year period of limitations, and the four dates in § 2255 to be used in determining the starting date for the limitations period. See 28 U.S.C. § 2255.

The court hereby permits movant to file a response to the court's proposed recharacterization within thirty (30) days from the date of this order. The court advises the movant that if, within the

time set by the court, the movant agrees to have the motion recharacterized or does not respond in opposition to the recharacterization, the court shall consider the motion as one under § 2255 and shall consider it filed as of the date the original motion was filed. If, however, the movant responds within the time set by the court but does not agree to have the motion recharacterized, the court will not treat it as a § 2255 motion but shall rule on the merits of the motion as filed.

If the movant agrees to or acquiesces in the recharacterization, the court shall permit amendments to the motion to the extent permitted by law. See United States v. Emmanuel, 288 F.3d 644,649 (4th Cir. 2002) (noting that amendments to a § 2255 motion made after expiration of the one-year statute of limitations do not relate back to the original motion and are therefore untimely), overruled on other grounds by, United States v. Blackstock, 513 F.3d 128, 133 (4th Cir. 2008). Movant is advised that the format of any § 2255 motion must comply with Rule 2, Federal Rules Governing § 2255 Proceedings, and Local Civil Rule 81.2 of this court. All filings, including § 2255 motions on the correct form, must be submitted to:

> Clerk of Court
> United States District Court, E.D.N.C.
> Terry Sanford Federal Building
> 310 New Bern Avenue, Room 574
> Raleigh, NC 27601
> ATTN: Prisoner Litigation Division

Movant also requests that this court appoint counsel. There is no constitutional right to counsel in § 2255 cases. See Vandenades v. United States, 523 F.2d 1220, 1225 -1226 (5th Cir. 1975); Smith v. Clerk's Office, United States Courthouse, No. 99-6240, 1999 WL 760450, *1 (4th Cir. Sept. 24, 1999). However, the district court is authorized under 18 U.S.C. § 3006A(a)(2)(B) to appoint counsel to represent a habeas petitioner when the interests of justice so requires and the petitioner is financially unable to obtain representation. The request has been reviewed and the undersigned

2

Case 5:08-cr-00329-FL   Document 131   Filed 03/20/14   Page 2 of 3

finds that this case does not presently require appointment of counsel. Therefore, the motion for appointment of counsel is DENIED.

SO ORDERED, this 20th day of March, 2014.

_____
LOUISE W. FLANAGAN
United States District Judge