THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:08-CR-00329-FL-3
No. 5:14-CV-00238-FL

| | |
|---|---|
| RONNIE DONTE RAND, ) | |
| ) | |
| Petitioner, ) | **MEMORANDUM AND** |
| v. ) | **RECOMMENDATION** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

This matter comes before the court on the motion of Ronnie Donte Rand ("Petitioner") under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence [DE-133] and the Government's motion to dismiss [DE-137]. Petitioner filed a response in opposition to the Government's motion [DE-140] and a motion to amend his § 2255 motion [DE-141, -146]. These motions were referred to the undersigned and are considered here as a recommendation to the district court. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Crim. P. 59(b)(1). For the reasons stated below, it is recommended that the Government's motion be allowed and Petitioner's motions be denied.

## I. BACKGROUND

On January 5, 2009, Petitioner pled guilty pursuant to a written plea agreement to conspiracy to interfere with commerce by robbery in violation of 18 U.S.C. § 1951 (Count One) and use of a firearm in furtherance of a crime of violence and aiding and abetting in violation of 18 U.S.C. §§ 924(c)(1)(A) and 2 (Count Six). [DE-55, -57]. As part of the plea agreement Petitioner agreed, *inter alia*, to

> waive knowingly and expressly the right to appeal whatever sentence is imposed on any ground, including any appeal pursuant to 18 U.S.C. § 3742, reserving only the right to appeal from a sentence in excess of the advisory Guideline range that is

established at sentencing, and further to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting the Defendant's right to appeal based upon grounds of ineffective assistance of counsel and prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea.

Mem. of Plea Agreement [DE-57] ¶ 2.c. On April 10, 2009, Petitioner was sentenced on Count One to 87 months' imprisonment and on Count Six to a consecutive 120 months' imprisonment, the statutory minimum, producing a total term of imprisonment of 207 months, and judgment was entered on April 15, 2009. [DE-72, -73]. Petitioner did not appeal his conviction or sentence.

On February 18, 2014, Petitioner filed a motion to vacate judgment pursuant to Rules 52 and 60(b) [DE-130], which after notice to and with the consent of Petitioner [DE-131, -132], the court recharacterized as an attempt to file a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [DE-133]. On May 30, 2014, the Government responded with a motion to dismiss. [DE-137]. On July 2, 2014, Petitioner filed a motion to amend and supplement his § 2255 motion, which was resubmitted in typed form on December 8, 2014. [DE-141, -145, -146].

## II. LEGAL STANDARDS

### A.   Rule 12(b)(6)

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint, not to resolve conflicts of fact or to decide the merits of the action. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243-44 (4th Cir. 1999). However, the "'[f]actual allegations must be enough to raise a right to relief above the speculative level' and have 'enough facts to state a claim to relief that is plausible on its face.'" *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 616 n.26 (4th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework

2

of a complaint, they must be supported by factual allegations."). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 555 (citation omitted). In considering a motion to dismiss, the court assumes the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Revene v. Charles Cnty. Comm'rs*, 882 F.2d 870, 872 (4th Cir. 1989) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (internal quotation marks omitted)). Moreover, a court "need not accept the legal conclusions drawn from the facts" nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000).

### B.     28 U.S.C. § 2255

After conviction and exhaustion or waiver of any right to appeal, courts and the public can presume that a defendant stands fairly and finally convicted. *See United States v. Frady*, 456 U.S. 152, 164-65 (1982). However, prisoners in federal custody may attack the validity of their convictions pursuant to 28 U.S.C. § 2255. Section 2255 provides a means for a defendant convicted of a federal offense to collaterally attack a conviction or sentence on four grounds: (1) the sentence was imposed in violation of the Constitution or the laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). "[T]hus § 2255 relief is not limited to constitutional error in a conviction or sentence." *United States*

3

*v. Mikalajunas*, 186 F.3d 490, 495 (4th Cir. 1999). Where a petition seeks relief from a nonconstitutional error, "the scope of review . . . is more limited than that of constitutional error; a nonconstitutional error does not provide a basis for collateral attack unless it involves a fundamental defect which inherently results in a complete miscarriage of justice, or is inconsistent with the rudimentary demands of fair procedure." *Id.* (internal quotation marks and citations omitted). "In a § 2255 proceeding, the burden of proof is on petitioner to establish his claim by a preponderance of the evidence." *Toribio-Ascencio v. United States*, No. 7:05-CR-00097-FL, 2010 WL 4484447, at *1 (E.D.N.C. Oct. 25, 2010) (unpublished) (citing *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958)).

## III. DISCUSSION

Petitioner presents two arguments in his § 2255 motion: first, he contends that the Government committed prosecutorial misconduct by relying on stipulated conduct not contained in the indictment to increase the statutory penalty[1] in violation of the Supreme Court's decisions in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), which held that any fact (other than a prior conviction) that increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury, and proved beyond a reasonable doubt, and *Alleyne v. United States*, — U.S. —, 133 S. Ct. 2151 (2013), which held that any fact increasing the statutory mandatory minimum is an element of the offense and must be submitted to the jury and found beyond a reasonable doubt, Pet'r's Mem. [133-1] at 2-4; next, he contends that he received ineffective assistance of counsel because his lawyer

---

[1] Petitioner specifically takes issue with three increases applied in calculating his offense level: a four-level increase pursuant to U.S. Sentencing Guidelines ("U.S.S.G.") § 2B3.1(b)(4)(A) for abduction of a person to facilitate commission of the offense; a five-level increase pursuant to U.S.S.G. § 2B3.1(b)(2)(C) for brandishing a firearm; and a three-level increase pursuant to U.S.S.G. 3D1.4 for multiple counts. Pet'r's Mem. [DE-133-1] at 3; Presentence Investigation Report [DE-64] at ¶¶ 43-80.

4

failed to investigate and present mitigating evidence regarding Petitioner's impaired mental condition at the time of the offense, *id.* at 4-6. In his motion to amend, Petitioner requests leave to supplement his § 2255 motion based on the case of *Rosemond v. United States*, — U.S. —, 134 S. Ct. 1240 (2014), which held that to prevail on a charge of aiding or abetting an 18 U.S.C. § 924(c) offense, i.e., using or carrying a firearm during and in relation to a crime of violence or drug trafficking crime, the Government must prove "the defendant actively participated in the underlying drug trafficking or violent crime with advance knowledge that a confederate would use or carry a gun during the crime's commission," *id.* at 1243. Pet'r's Mot. to Am. [DE-141]. The Government contends that Petitioner's motion is untimely and, alternatively, lacks merit. Gov't's Mem. [DE-138] at 2-6. In response to the Government's motion, Petitioner argues that his motion is timely because it was filed within one year of the ruling in *Alleyne* and that his claims are meritorious. Pet'r's Resp. [DE-140] at 2-8.

## A. Timeliness

Under the Antiterrorism and Effective Death Penalty Act of 1996, § 2255 claims are subject to a one-year statute of limitations, which runs from the latest of the following:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

5

28 U.S.C. § 2255(f)(1)-(4).

Petitioner's § 2255 motion was not filed within one year of any of the circumstances set forth in § 2255(f). First, Petitioner filed his § 2255 motion on February 18, 2014, more than four years after the judgment became final on April 29, 2009. [DE-73, -133]. Consequently, his motion is not timely under 28 U.S.C. § 2255(f)(1).

Second, there is no allegation that the government impeded Petitioner's ability to timely file his § 2255 motion. *See* 28 U.S.C. § 2255(f)(2).

Third, Petitioner's motion is not based upon a newly recognized right made retroactively applicable by the Supreme Court. *See* 18 U.S.C. § 2255(f)(3). To the extent Petitioner relies on the Supreme Court's decisions in *Apprendi*, *Alleyne*, or *Rosemond* to satisfy § 2255(f)(3), such argument fails because these decisions have not been made retroactively applicable to cases on collateral review. *See, e.g., United States v. Stewart*, 540 F. App'x 171, 172 n.* (4th Cir. Sept. 24, 2013) (unpublished) (noting that "*Alleyne* has not been made retroactively applicable to cases on collateral review"); *San-Miguel v. Dove*, 291 F.3d 257 (4th Cir. 2002) (holding that rule announced in *Apprendi* does not apply retroactively to cases on collateral review); *Bey v. Hollenback*, No. 5:14-HC-2016-FL, 2015 WL 859575, at *3 (E.D.N.C. Feb. 27, 2015) (unpublished) ("The Supreme Court's rulings in *Apprendi*, *Alleyne*, and *Rosemond* are not retroactively applicable to cases on collateral review.").

Fourth, Petitioner has asserted no newly discovered facts upon which he might proceed under § 2255(f)(4). For purposes of § 2255(f)(4), "facts" may include court rulings, such as a finding that the petitioner is not guilty of an offense. *See Johnson v. United States*, 544 U.S. 295 (2005) (holding that vacatur of petitioner's state conviction was a "fact" supporting his § 2255 challenge for purposes

of § 2255(f)(4)). However, a legal decision that does not affect the validity of the petitioner's own underlying conviction is not a "new fact" for purposes of triggering § 2255(f)(4). *Walton v. United States*, No. 2:07-CR-017-F, 2013 WL 1309277 (E.D.N.C. Mar. 28, 2013) (unpublished) (citations omitted). Furthermore, Petitioner was aware of his counsel's alleged failure to assert mitigating evidence of a mental condition at the time of sentencing and, thus, these facts are not newly discovered.

Finally, Petitioner has asserted no exceptional circumstances justifying equitable tolling. *See United States v. Sosa*, 364 F .3d 507, 512 (4th Cir. 2004) (defining "extraordinary circumstances" as (a) extraordinary circumstances, (b) beyond the petitioner's control or external to his own conduct, (c) that prevented him from filing on time).

Accordingly, because Petitioner's claim was not filed within one year of any of the circumstances described in § 2255(f) and equitable tolling is inapplicable, his § 2255 motion and motion to amend are untimely.

## IV. CONCLUSION

Based on the foregoing, it is RECOMMENDED that the Government's motion to dismiss [DE-137] be ALLOWED and Petitioner's § 2255 motion and motion to amend [DE-133, -141, -146] be DENIED.

The Clerk shall send copies of this Memorandum and Recommendation to Petitioner and counsel for the Government, who have fourteen (14) days from the date of receipt to file written objections. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in the Memorandum and, except upon grounds

of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Court.

SUBMITTED, this the 5 day of June 2015.

Robert B. Jones, Jr.
United States Magistrate Judge

8