IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:08-CR-329-FL
NO. 5:14-CV-238-FL

| | |
|---|---|
| RONNIE DONTE RAND, ) | |
| ) | |
| Petitioner ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

This matter is before the court on petitioner's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, (DE 133), and the government's motion to dismiss, (DE 137), to which petitioner filed a response in opposition. (DE 140). Petitioner additionally has filed a motion to amend his § 2255 motion, (DE 141, 146), and a motion to stay. (DE 158). Pursuant to 28 U.S.C. § 636(b)(1)(B), United States Magistrate Judge Robert B. Jones, Jr., entered a memorandum and recommendation ("M&R") (DE 154), wherein it is recommended that the court grant respondent's motion to dismiss and deny petitioner's motions. Petitioner timely filed objections to the M&R, and respondent filed a response. In this posture, the issues raised are ripe for ruling. For the reasons stated herein, the court adopts the M&R and grants respondent's motion to dismiss.

## BACKGROUND

The court adopts by reference the facts as provided in the M&R, and hereby summarizes such facts as are pertinent to the instant motion. On January 5, 2009, petitioner pleaded guilty pursuant to a written plea agreement to conspiracy to interfere with commerce by robbery, and use

of a firearm in furtherance of a crime of violence and aiding and abetting. On April 10, 2009, petitioner was sentenced to 207 months total, and on April 15, 2009, judgment was entered. Petitioner did not appeal his conviction or sentence. On February 18, 2014, petitioner filed the instant motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. On May 30, 2014, the government moved to dismiss. On July 2, 2014, petitioner filed a motion to amend and supplement his § 2255 motion, and then on December 8, 2014, petitioner re-filed his motion to amend in typed form. On June 25, 2015, petitioner moved to stay resolution of his motions.

## COURT'S DISCUSSION

A.  Standard of Review

The district court reviews de novo those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

A petitioner seeking relief pursuant to 28 U.S.C. § 2255 must show that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the Court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Unless the motion and

2

the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b). "The Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure, to the extent that they are not inconsistent with any statutory provisions, or the [§ 2255 Rules], may be applied to" § 2255 proceedings. Rules Governing Section 2255 Proceedings, Rule 12.

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A complaint states a claim under 12(b)(6) if it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. In evaluating the complaint, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted).

B. Analysis

Petitioner presents two arguments in his § 2255 motion. First, he contends that the government committed prosecutorial misconduct by relying on stipulated conduct not contained in the indictment to increase the statutory penalty in violation of the Supreme Court's decisions in

Apprendi v. New Jersey, 530 U.S. 466 (2000), and Alleyne v. United States, ___U.S.___, 133 S. Ct. 2151 (2013). Second, petitioner argues that he received ineffective counsel because his defense counsel failed to investigate and present mitigating evidence regarding petitioner's impaired mental condition at the time of the offense.

In addition to petitioner's § 2255 motion, petitioner requests leave to supplement his § 2255 motion in a motion to amend based on Rosemond v. United States, ___U.S.___, 134 S. Ct. 1240 (2014). Petitioner bases his motion to stay on the appeal of Bey v. Hollenback, No. 5:14-HC-2016-FL, 2015 WL 859575 (E.D.N.C. Feb. 27, 2015) ("Bey I"), that was pending before the Fourth Circuit. The court resolves these preliminary motions first, before reaching petitioner's substantive arguments.

    1.  Motion to Stay and Motion to Amend

On October 5, 2015 the Fourth Circuit affirmed this court's decision in Bey. Bey v. Hollenbeck, ___Fed App'x___, 2015 WL 5780785 ("Bey II"). Accordingly, petitioner's motion to stay is denied as moot. With respect to petitioner's motion to amend, the Supreme Court's ruling in Rosemond is not retroactively applicable to cases on collateral review, see Bey I, 2015 WL 859575 at *3, and as a result, the court also denies petitioner's motion to amend.

    2.  Prosecutorial Misconduct and Ineffective Counsel

Petitioner has failed to meaningfully object to the M&R, and accordingly, for the reasons provided within the M&R, petitioner's arguments are without merit and untimely. With respect to prosecutorial misconduct, Alleyne is not retroactively applicable to cases on collateral review. Id. In his objections, petitioner does not demonstrate why Alleyne should be applied retroactively, but rather reiterates that he believes his claims based on Alleyne are timely, because they were filed

4

within one year of the decision. A legal decision that does not affect the validity of the petitioner's sentence is not a new right for purposes of triggering § 2255(f)(3). 28 U.S.C. § 2255(f)(3) (the one-year statute of limitations begins to run from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized . . . and made retroactively applicable to cases on collateral review"); see also, Walton v. United States, No. 2:07-CR-017-F, 2013 WL 1309277, at *3 (E.D.N.C. March 28, 2013).

Further, when petitioner was sentenced and the judgment became final in 2009, Apprendi was decided, and the opinion was available to both the government and petitioner's counsel. Petitioner, then, was aware at sentencing that the government was relying on stipulated conduct not contained in the indictment to increase the statutory penalty, and that defense counsel was not going to contest such use. Petitioner additionally was aware in 2009 that defense counsel was unwilling to investigate and present mitigating evidence regarding petitioner's mental condition at the time of offense. The statute of limitations on these claims began to run on the date on which the facts supporting the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f)(4). Petitioner filed this motion on February 18, 2014, more than four years after the judgment became final, and he has neither pleaded new facts not available to him at the time of sentencing, nor demonstrated any equitable reason the statute of limitations should be tolled in this case. Accordingly, petitioner's § 2255 motion is denied.

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must demonstrate that reasonable jurists could debate whether the issues presented should have been decided differently or that they are adequate to deserve encouragement to proceed further. Miller–El v. Cockrell, 537 U.S. 322,

336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000). After reviewing the claims presented on collateral review in light of the applicable standard, the court finds that a certificate of appealability is not warranted.

**CONCLUSION**

Based on the foregoing reasons, upon de novo review of the portions of the M&R to which specific objections were raised, and considered review of those portions to which no such objections were made, the court ADOPTS the recommendation of the magistrate judge as set forth herein. The government's motion to dismiss (DE 137) is GRANTED, and petitioner's motion to vacate, set aside, or correct (DE 133), petitioner's motion to amend (DE 141, 146), and petitioner's motion to stay (DE 158), are DENIED. A certificate of appealability is DENIED, and the clerk is DIRECTED to close this case.

SO ORDERED, this the 30th day of October, 2015.

_____
LOUISE W. FLANAGAN
United States District Judge